**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA M. M., | ) NO. ED CV 19-549-E |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 27, 2019, seeking review of the Commissioner's denial of disability benefits. On May 17, 2019, the parties filed a consent to proceed before a United States Magistrate Judge. On November 4, 2019, Plaintiff filed a motion for summary judgment. On December 2, 2019, Defendant filed a motion for summary judgment. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed March 29, 2019.

///

///

**BACKGROUND**

Plaintiff asserted disability since December 1, 2011, based primarily on alleged depression and anxiety (Administrative Record ("A.R.") 276-84, 310). After the Administration found Plaintiff not disabled, she filed a prior action in this Court. See [M.] v. Colvin, ED CV 16-2614-E. This prior action resulted in a stipulated remand for further administrative proceedings (A.R. 32-45, 1430-56). These further proceedings sought to resolve issues relating to: (1) new mental heath treatment notes; (2) whether Plaintiff's mental impairments met or equaled a listed impairment; (3) further evaluation of an examining psychologist's opinion; and (4) potential conflicts between the testimony of a vocational expert and the Dictionary of Occupational Titles (id.).

On remand, the Administrative Law Judge ("ALJ") reviewed the updated record, held another evidentiary hearing, and issued a partially favorable decision (A.R. 1358-1400). The ALJ found Plaintiff disabled from December 1, 2011 through October 27, 2016, due to severe depression and personality disorder (A.R. 1358-76). However, the ALJ also found that Plaintiff's condition materially improved as of October 28, 2016, such that Plaintiff was not disabled from October 28, 2016 through the date of the ALJ's decision (A.R. 1370-76 (adopting the testimony of the medical expert and the testimony of the vocational expert at A.R. 1387-96)).

At the prior administrative hearings, Plaintiff had testified vaguely that she felt "pain in my body" "from trying to physically do

something" (A.R. 54, 59-60, 90, 1470-71). According to Plaintiff, her pain was in "my lower back and my head and like just my entire body" (A.R. 60). Plaintiff did not testify at the most recent administrative hearing, although Plaintiff was personally present at the hearing (A.R. 1384-1400). At the close of the most recent hearing, Plaintiff's counsel requested a consultative physical examination to evaluate alleged fibromyalgia (A.R. 1397). The ALJ denied the request, stating that fibromyalgia was "not specified in the records enough that it's going to cause any [] limitations" (A.R. 1398). The ALJ added that Plaintiff's counsel could send Plaintiff out for an examination at Plaintiff's expense, if counsel believed an examination was necessary (A.R. 1398). Evidently, no such examination occurred.

In finding Plaintiff not disabled beginning October 28, 2016, the ALJ determined that Plaintiff's newly-alleged medically determinable impairment of fibromyalgia was non-severe (_i.e._, the impairment does not significantly limit Plaintiff's ability to perform work activities). The ALJ reasoned:

> the record suggests mild or no findings related to fibromyalgia, such as issues with heightened pain, pressure, memory problems, numbness, bladder problems, psychological stress, fatigue, sleep disturbance, tactile pressure, nerve pain, muscle twitching or palpitations. Furthermore, although the [] record mentions fibromyalgia, it is not diagnosed nor documented as required by rheumatology society [sic].

(A.R. 1364). Plaintiff now contends that the ALJ erred: (1) in determining Plaintiff's alleged fibromyalgia to be non-severe; and (2) in failing expressly to discuss Plaintiff's alleged "chronic pain" in the assessment of Plaintiff's residual functional capacity (Plaintiff's Motion, pp. 7-12).

**STANDARD OF REVIEW**

Under 42 U.S.C section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and detracts from the [administrative] conclusion.

///
///

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

**A.   Summary of Relevant Portions of the Record**

The record contains sporadic and sometimes inconsistent reports by Plaintiff of various types of pain. In December of 2011, Plaintiff reported having chest pain for the previous two months and pain in her hands due to stress (A.R. 402-03). She said that her pain "gets worse" when she is thinking about her problems (A.R. 402). In July of 2012, Plaintiff complained of abdominal bloating and low back pain for 1.5 years following a hernia surgery (A.R. 450-51). In August of 2012, Plaintiff was admitted for a psychiatric hold after reporting that she had been "feeling suicidal for 1 month," she was having visual and auditory hallucinations and she had "pain all over, abdominal pain and feels like she wants to die" (A.R. 474-75, 486-97, 835). On examination, Plaintiff reportedly had a depressed mood and

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

5

tenderness in her biceps and triceps (A.R. 474). She was diagnosed with major depressive disorder with psychotic features, generalized anxiety disorder, somatization disorder, and irritable bowel syndrome (A.R. 486). In late January of 2013, Plaintiff claimed that she "hurts all over[] and can't do anything" (A.R. 535). In March of 2013, Plaintiff reportedly complained of low back pain for seven months (A.R. 549). On April 4, 2014, Plaintiff both claimed and denied chest pain (A.R. 932). In June of 2013, Plaintiff complained of "chronic pain" but admitted that her back pain goes away with medication (A.R. 556, 864). In late October 2014, Plaintiff reported hallucinations and suicidal ideation, including a plan to drive a car off a bridge (A.R. 720, 799). At that time, Plaintiff denied "any symptoms of pain" (A.R. 798). In November of 2014, Plaintiff complained of having body pain for a month and a headache for a month (A.R. 774, 779).

On examination in late March of 2015, Plaintiff exhibited normal range of motion and no abdominal or musculoskeletal tenderness (A.R. 1227). Yet, in early April of 2015, Plaintiff complained of "diffuse pain," headache, "sensation of heaviness on top of her head" and abdominal cramps (A.R. 1268). She then sought a referral "to the chronic pain program" for alleged fibromyalgia (A.R. 1268). On examination, Plaintiff reportedly had "diffuse myofascial pain" (A.R. 1269). Plaintiff's doctor stated:

> I explained to [Plaintiff] our chronic pain program is not where she should go for management of her diffuse body pain. I suspect her symptoms are related to her poorly controlled

>           depression and anxiety.  I offered to speak to the county's
>           [p]sychiatrist to let them [sic] know of my impression and
>           to help better coordinate her care.

(A.R. 1270).  Later in April of 2015, Plaintiff complained of anxiety, body aches and nausea (A.R. 1283).  Her doctor stated, "I truly believe her anxiety and depression is causing a lot of her somatic complaints and I encouraged her to keep her follow up appointment with Psych.  [Plaintiff] stormed out of the room before I could complete a physical examination" (A.R. 1285).  A year later, in April of 2016, Plaintiff again complained of body pain (A.R. 1930).

In October of 2016, Plaintiff reported to her psychiatrist that she had been using "medical weed" for pain since March of 2015 (A.R. 1627).  In June of 2017, Plaintiff claimed that she had chronic pain and physical problems for which she reportedly had a history of "marijuana abuse ('medical marijuana' since 2015')" (A.R. 1648).  Plaintiff's psychiatrist reported that Plaintiff has "mild symptoms but stable" and recommended only psychotherapy and continued medications (A.R. 1649).

In August of 2017, Plaintiff reported intermittent, generalized body pain for two years (A.R. 2028-29, 2036-37).  Plaintiff reportedly cried, said she feels her "blood is boiling," said she may hurt herself if her pain is not controlled, and asked if California can put a patient to "sleep and die" (A.R. 2037).  On examination, however, Plaintiff reportedly exhibited "no edema, tenderness or deformity" (A.R. 2038).  Her doctor's "assessment" included "fibromyalgia" and

7

"major depressive disorder" with psychotic features (A.R. 2039). The doctor referred Plaintiff "to acupuncture and rheumatology" (A.R. 2039, 2041).

Later the same day, Plaintiff presented to the emergency room complaining of an exacerbation of body pain for two days and generalized body pain for four years (A.R. 2051, 2059-61). On examination, however, Plaintiff reportedly had normal muscle tone and no edema or tenderness (A.R. 2054). Nevertheless, the doctor's "assessment" included "chronic pain," and Plaintiff was instructed to follow up with her primary care physician and/or a "specialist" (A.R. 2051-52, 2058).

In September of 2017, Plaintiff consulted with a rheumatologist Dr. Charles Tan, to "evaluate for possible fibromyalgia" (A.R. 2108-21). Plaintiff mainly complained of abdominal pain with "flares" consisting of sudden bouts of diarrhea and nausea (A.R. 2109-10). She said she has had this problem "since she was a kid" (A.R. 2110). Plaintiff reported having pain in 18 of 19 listed areas in the past week, moderate fatigue and waking unrefreshed, as well as slight cognitive symptoms (A.R. 2110-11). On examination, Plaintiff reportedly had 18/18 positive "tender points" (A.R. 2114). Dr. Tan assessed abdominal pain, myalgia and joint pain (A.R. 2114). Dr. Tan noted that Plaintiff had symptoms of fibromyalgia "but fibromyalgia is a diagnosis of exclusion and other [diagnoses] [have] not been ruled out" (A.R. 2114). Dr. Tan stated that Plaintiff had a history of depression, anxiety and irritable bowel disease, instructed Plaintiff to follow up with "gi" for testing for possible colitis, and told

Plaintiff that, if she has abdominal pain, she should go to the emergency room (A.R. 2114). Plaintiff reportedly refused and said she was just in the emergency room and supposedly had been told "it was fibromyalgia" (A.R. 2114). Dr. Tan prescribed Tramadol (A.R. 2114-15).

Plaintiff subsequently underwent a colonoscopy, which reportedly showed mild diverticulosis (A.R. 2124-25, 2148-49, 2172-73, 2184). Plaintiff's doctor opined that Plaintiff's symptoms were consistent with irritable bowel syndrome (A.R. 2149).

**B. The ALJ Did Not Materially Err in Determining Plaintiff's Alleged Fibromyalgia to be Non-Severe.**

Substantial evidence supports the ALJ's determination that Plaintiff's alleged fibromyalgia is not a severe impairment. Under Social Security Ruling 12-2p, 2012 WL 3104869, a determination of fibromyalgia requires "[e]vidence that other disorders that could cause the symptoms were excluded." Id. at *3. "Other physical and mental disorders may have symptoms or signs that are the same or similar to those resulting from [fibromyalgia]. Therefore, it is common in cases involving [fibromyalgia] to find evidence of examinations and testing that rule out other disorders that could account for the person's symptoms and signs." Id.

In the present case, Plaintiff failed to submit sufficient evidence of the ruling out of other disorders. Fibromyalgia was suggested as a possible cause of Plaintiff's alleged symptoms and,

9

upon further testing, irritable bowel syndrome was not ruled out as a potential cause (A.R. 2148-49). Plaintiff also has had severe mental disorders over long periods of time. Because the medical record does not support a finding that Plaintiff's alleged symptoms result from fibromyalgia to the exclusion of other possible disorders, the ALJ did not err in finding that Plaintiff's alleged fibromyalgia is non-severe. See, e.g., Tina D. v. Commissioner, 2019 WL 5190876, at *6 (W.D. Wash. Oct. 15, 2019); Denise C. v. Commissioner, 2019 WL 5088741, at *3 (D. Or. Oct. 10, 2019).

Furthermore, "[i]n assessing [residual functional capacity], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Buck v. Berryhill, 869 F.3d 1040, 1049 (9th Cir. 2017) (citations omitted); 20 C.F.R. § 404.1545(a)(2), (e). As a result, a claimant's residual functional capacity will be the same whether or not certain medically determinable impairments are considered severe. Buck v. Berryhill, 869 F.3d at 1049. Here, the ALJ acknowledged Plaintiff's alleged pain and found that the record "suggests mild or no findings related to fibromyalgia" (A.R. 1364). The ALJ also noted that he had considered all of Plaintiff's subjective complaints in determining her residual functional capacity (A.R. 1370-73). Accordingly, the ALJ's failure to label fibromyalgia as a severe impairment, even if error, was harmless. See id.; see also Miner v. Berryhill, 722 Fed. App'x 632, 633 (9th Cir. 2018).

///
///
///

C.  **The ALJ Did Not Materially Err in Failing Expressly to Discuss Plaintiff's Alleged Chronic Pain When Assessing Plaintiff's Residual Functional Capacity Assessment.**

Plaintiff vaguely mentioned pain in her 2014 and 2015 testimony, and there does exist an August, 2017 diagnosis of "chronic pain" based on Plaintiff's self-reports (A.R. 54, 59-60, 90, 2051-52, 2058). However, Plaintiff did not testify to suffering any relevant, specific, pain-related functional limitations (A.R. 54, 59-60, 90). Plaintiff had reported in writing in July 2012 – during the period when she was found disabled based on her mental impairments – that she spent her days in bed due to depression and pain, and that she supposedly could lift only 10 pounds, stand for an hour or less and sit for an hour, and that it allegedly hurt to bend or squat (A.R. 332). However, there are no subsequent reports or testimony regarding what, if any, pain-related functional limitations Plaintiff may have had during the time period beginning October 28, 2016. As the ALJ found, the medical record suggests that Plaintiff had little or no pain-related functional limitations during the time period in question (A.R. 1364). In light of this record, the ALJ did not materially err in failing expressly to discuss "chronic pain" when assessing Plaintiff's residual functional capacity.

To the extent the evidence of record is conflicting, the ALJ properly resolved the conflicts. See Treichler v. Commissioner, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leaves it to the ALJ" to resolve conflicts and ambiguities in the record). The Court must uphold the administrative decision when the evidence "is susceptible

to more than one rational interpretation." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 10, 2019.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. <u>See generally</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).